IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE APPLICATION OF THE ) | |
| UNITED STATES OF AMERICA FOR ) | MAGISTRATE NO. 15-310M |
| AN ORDER AUTHORIZING THE ) | **UNDER SEAL** |
| INSTALLATION AND USE OF PEN ) | |
| REGISTERS AND TRAP AND ) | |
| TRACE DEVICES ) | |

## SERVICE ORDER

Assistant United States Attorney Conor Lamb, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the cell phone number **412-628-8564.**

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation (FBI) in connection with possible violations of 21 U.S.C. §§ 841, et seq.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that FBI may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone number **412-628-8564**, including the date, time, and duration of the communication, and the following, without geographic limit:

    a) IP addresses associated with the cell phone device or devices used to send or receive electronic communications;

    b) Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the cell phone number **412-628-8564**, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN;

    c) IP addresses of any websites or other servers to which the cell phone device or devices connected; and

  d) Source and destination telephone numbers and email addresses

  IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

  IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Cricket (currently AT&T) and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

  IT IS FURTHER ORDERED that the FBI reasonably compensate Cricket (currently AT&T) and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

  IT IS FURTHER ORDERED that Cricket (currently AT&T) and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the FBI of any changes relating to the cell phone number **412-628-8564**, including changes to subscriber information, and to provide prior notice to the FBI before terminating or changing service to the cell phone number;

  IT IS FURTHER ORDERED that the FBI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the FBI, for the duration of the Order;

  IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that Cricket (currently AT&T) and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the

investigation to any person, unless and until otherwise ordered by the Court, except that Cricket (currently AT&T) may disclose this Order to an attorney for Cricket (currently AT&T) for the purpose of receiving legal advice;

IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Sections 2703 (c)(1)(B) and (d), based upon specifically articulated facts provided, that Cricket (currently AT&T) and other pertinent electronic communication service providers (including Cingular Wireless, T-Mobile USA, Sprint/Nextel Communications, Verizon Wireless, Verizon, Inc. - PA, Verizon, Inc. - NY, Verizon, Inc. - MD, Verizon, Inc. - NJ, Verizon South Inc., Pacific Bell, Pacific Bell Wireless, Quest Corporation, Sprint Spectrum, L.P., Sprintnet, Bell South, Comcast Cable Communications, Virgin Mobile, AT&T Wireless, MCI, MCI Worldcom Wireless, TSR Wireless, Arch Wireless Hldgs, SWB PacBell, Metro PCS, Cellular One, and Page Plus Communications), upon request of FBI, shall furnish to said agents subscriber information and any and all telephone numbers, published and non-published, which are identified by use of the registering device, as well as any custom calling feature such as speed dialing and call forwarding information for such telephone numbers on a continuing basis throughout the period of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with certified copies of this application and Order, and shall provide copies of this Order to the FBI and Cricket (currently AT&T) upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

3-26-15
Date

United States Magistrate Judge